FLOREA & CO., INC. *v.* UNITED STATES (No. 4521) [1]

United States Court of Customs and Patent Appeals, June 11, 1946

*William Whynman* for appellant.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney of counsel), for the United States.

[Oral argument April 4, 1946, by Mr. Whynman and Mr. Donohue]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges[2]

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment, one judge dissenting, of the United States Customs Court, Second Division, Appellate Term, Reap. Dec. 6190, in which a judgment of the trial court, Reap. Dec. 5908, sitting in reappraisement, was affirmed.

Appellant imported from Japan 49 dozen white wool knit gloves and 36 dozen mustro wool knit gloves, and entered the merchandise at the port of New York on May 26, 1936, at the invoice price, claimed to be the dutiable export value as defined in sec. 402 (d) of the Tariff Act of 1930, of 6.10 yen per dozen, which was the then equivalent of $1.76 United States currency. The appraiser found an export value of 5.90 yen per dozen, the then equivalent of $1.70 United States currency, and appraised the merchandise at the American selling price under the provisions of the Presidential proclamation, T. D. 48183.

An appeal was taken from the decision of the appraiser and assigned to one of the judges of the said court under the provisions of sec. 501 of said tariff act. The trial judge, after hearing, dismissed the appeal on the ground that it was invalid in that appellant had failed to comply with the requirements of secs. 481, 482, 484, and 485 of the act.

---

[2] GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.

An application for review was thereupon filed to a division of the court. In its decision, the division held that the appeal should not have been dismissed for the reasons stated by the trial court, but affirmed its judgment for the reason that appellant had failed to make a *prima facie* case.

Since no finding of value was made by the trial court, it is clear that the judgment appealed from must be reversed.

Because of our conclusion it is unnecessary to discuss what has been alleged to be the issue here, which is whether or not the appraised value was proper for the assessment of duty.

The error of the lower tribunals in not finding value was not presented by any of the parties, but since the mandate of the law has not been complied with this court has authority *sua sponte* to reverse. *United States* v. *Fragele Bros.*, 12 Ct. Cust. Appls. 381, 383, T. D. 40543.

The leading case of *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126, has very clearly set out the duty of the United States Customs Court when sitting in reappraisement. There it is stated:

> The routine provided by the statute as to appeals in reappraisement proceedings is that, when the appraisement of the local appraiser is questioned by either the Collector of Customs or the importer, an appeal is taken, which appeal is transmitted to the United States Customs Court, together with the entry and accompanying papers. The appeal is then assigned, in the language of the statute, "to one of the judges, who shall, after affording the parties an opportunity to be heard, *determine the value of the merchandise.*" [Italics ours.]
>
> Surely the quoted language is clear and virtually interprets itself.
>
> Before this one judge, or as we have been accustomed to express it, before the single judge sitting in reappraisement, various kinds of evidence may be admitted upon questions of fact, and after argument, if same be desired by any of the interested parties, the judge is required to "render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based.
>
> His "decision" upon what?
>
> One specific thing which the statute says he *shall* do, in such proceedings, is "determine the value of the merchandise." [All italics quoted.]

The opinion goes on to state that while the value fixed by the local appraiser is made presumptively correct, like other legal presumptions it is "just that and nothing more." Further in the opinion it is stated that

> The statute provides that the division of three judges "shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings." The authority thus given is very broad. Certainly the appellate division passes upon questions of both law and fact. We think that it may appraise, that is, find the dutiable value, and that it is its duty so to do in all cases where the appraiser had the power to appraise the merchandise at the time the appraisement was made. If it regards the value found by the single judge as both legally and factually correct, it should affirm such value. If not regarded as correct, it should find what is the value, or, if the record be in-

sufficient, in its opinion, to enable such finding, the case should be remanded to the single judge with directions to dismiss the appeal to reappraisement or for a new trial, as the division may determine. * * *

The legality of the local appraisement has not been challenged. The case before the single judge was a trial *de novo*, and it was his duty to find a value for the involved merchandise if the evidence warranted such finding. Since no value was found by the trial court the clear duty of the division, when it held that it was error to dismiss the appeal for the reasons assigned by the trial court, was to reverse that judgment and remand the case to the trial court for proceedings in accordance with law.

The judgment of the appellate term of the United States Customs Court is *reversed*, and the cause is *remanded* for further proceedings not inconsistent with the views herein expressed.